131 F.3d 150
 2 Cal. Bankr. Ct. Rep. 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: XYZ BELL CORPORATION, Debtor.
XYZ BELL CORPORATION, Appellant,
v.
AMERICAN SAVINGS BANK, Appellant.
 No. 96-56040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Nov. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding.
 Before: GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm that part of the district court's decision holding moot XYZ Bell Corporation's (XYZ) appeal.[1] The Bankruptcy Court's order lifting the stay shall remain intact.
 
 
 3
 Where property was, as here, foreclosed and sold, the "fact that [the] purchaser is a party to th[e] appeal does not change the applicability of the mootness rule." See Algeran Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir.1985). Under Algeran, then, this appeal is moot.
 
 
 4
 The narrow exception to Algeran 's general rule delineated by In re Sun Valley Ranches, Inc., 823 F.2d 1373, 1375 (9th Cir.1987) and In re Onouli-Kona Land Co., 846 F.2d 1170, 1173 (9th Cir.1988) does not apply here. XYZ has no right of redemption under state law.
 
 
 5
 Through XYZ, Mr. Kabakow hopes not to lose control of the property he used to secure American's loan, a loan on which Mr. Kabakow has defaulted. Mr. Kabakow claims his corporation, XYZ, has a right of redemption to the property he used to secure American's loan. He claims American owes XYZ money or rights on an equivalent piece of property because American foreclosed the property and sold it. Mr. Kabakow, who is the president and sole shareholder of XYZ, attempts to elevate the form of an independent corporate structure over the substance of his situation. Such a manipulative claim cannot succeed before a court of equity. Mr. Kabakow, through his corporation, has no legitimate right of redemption under state law. The district court properly granted American relief from stay, American properly foreclosed the property and sold it, and this appeal is moot.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation. court's opinion
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Were we to reach the merits, we would affirm the district court's opinion